IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-74 |
| | § | C.A. No. C-05-179 |
| JAIME DE LA CRUZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Jaime De La Cruz's ("De La Cruz" or "Defendant") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 24),[1] which was received by the Clerk on April 13, 2005.  The Court ordered the government to respond, and the government filed a response and also moved for dismissal of the motion. (D.E. 26, 27).   De La Cruz subsequently filed a motion for discovery (D.E 28), a motion for extension of time to file a reply, (D.E. 29), and a reply (D.E. 30).  The Court GRANTS De La Cruz's motion for extension of time and has considered his reply.

For the reasons discussed in detail herein, the Court DENIES De La Cruz's motion for discovery.  Additionally, the Court GRANTS the government's motion to dismiss and

---

[1] Dockets entries refer to the criminal case, C-03-cr-74.

1

DENIES De La Cruz's § 2255 motion. Finally, the Court DENIES De La Cruz a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II.  FACTS AND PROCEEDINGS

### A.  Summary of Offense[2]

On March 10, 2003, De La Cruz was the driver and sole occupant of a tractor towing a refrigerated trailer that entered the Falfurrias, Texas border patrol checkpoint. Border patrol agents observed De La Cruz's hands to be shaking as he presented a bill of lading to the agents. A canine alerted to the trailer portion of the vehicle, and the vehicle was referred to the secondary inspection area.

In the secondary inspection area, agents conducted a search of the trailer. They located 384 bundles of marijuana wrapped in cellophane and duct tape, which were concealed within the loads of cabbage in the trailer. The net weight of the marijuana was 1,367.76 kilograms. Agents also observed that the front drainage holes of the refrigerated trailer were closed with a wooden plug.

De La Cruz denied knowledge of the marijuana and refused to make any further statements. The agents were able to ascertain, however, that the bill of lading presented by

---

[2] Factual information concerning the offense is derived from the Presentence Investigation Report ("PSR") at ¶ 3.

De La Cruz was fraudulent. A vehicle records check revealed that both the truck/tractor and the refrigerated trailer were registered to De La Cruz. De La Cruz and the truck and trailer were released to DEA agents for further investigation.

On March 13, 2003, agents recovered twelve additional bundles of marijuana from the cabbage load while it was being dumped at the Robstown, Texas landfill. The additional bundles had a net weight of 40.12 pounds. The total net weight of all the bundles, therefore, was 1,407.88 kilograms.

**B.    Criminal Proceedings**

On March 20, 2003, De La Cruz was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 1,521 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). On May 5, 2003, De La Cruz pleaded guilty pursuant to a written plea agreement with the government. (D.E. 7, 8). In exchange for his guilty plea, the government agreed to recommend that he receive a three-level credit for acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range. The government also agreed to consider filing a motion for reduction of sentence if De La Cruz provided substantial assistance.

The Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR") and sentencing occurred on July 18, 2003. (D.E. 9, 12). The PSR calculated De La Cruz's offense level at 32. (PSR at ¶ 8). After a three-level reduction for

acceptance of responsibility, his total offense level was 29. (PSR at ¶¶ 8-17).  De La Cruz had nine criminal history points, resulting in a criminal history category of IV.  (PSR at ¶¶ 18-30).  The resulting guideline range for a term of imprisonment was 121 to 151 months. (PSR at ¶ 49).

At sentencing, the government recommended the low end of the applicable guideline range, or 121 months.  (D.E. 20, Sentencing Transcript ("S. Tr.") at 4).  The defense also asked for a sentence of 121 months, citing Defendant's cooperation with the government. (S. Tr. at 4-5).  The government indicated that a Rule 35 motion may be filed in the future, but that, as of the date of sentencing, the DEA was in the process of verifying the information De La Cruz had provided.  The prosecutor stated: "[T]he Government believes that he may, at some point in the future, qualify for a Rule 35 but that his assistance has not been substantial yet." (S. Tr. at 5-6).  The Probation Office recommended the highest end of the guidelines, based on De La Cruz's extensive criminal history, including six unscored convictions, and the fact that he had several prior offenses involving violence and weapons. (S. Tr. at 7).

The Court explained that it would not sentence De La Cruz to the low end of the guideline range because of his extensive criminal history.  Nonetheless, because of his cooperation, the Court did not believe that the high end of the guidelines was warranted, either.  (S. Tr. at 8-9) Instead, the Court sentenced De La Cruz to 134 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and

imposed a $100 special assessment. (D.E. 14, 16). Judgment of conviction and sentence was entered July 22, 2003. (D.E. 16).

De La Cruz timely appealed, and the Fifth Circuit affirmed in a *per curiam* opinion. (D.E. 22, 23). De La Cruz filed a petition for writ of certiorari with the United States Supreme Court, which was denied on April 19, 2004.[3] Zamora-Quintanilla v. United States, 541 U.S. 1002, 124 S. Ct. 2051 (2004) (April 19, 2004 order denying a combined petition for certiorari filed by a number of criminal defendants, including De La Cruz); see also docket in United States v. De La Cruz, No. 03-41025 (5th Cir.)). De La Cruz's timely § 2255 motion was received April 13, 2005. (D.E. 24).

### III. MOVANT'S ALLEGATIONS

In his motion, De La Cruz asserts only a single claim. Specifically, he claims that he was denied effective assistance of counsel because his counsel did not "effectively assist him during his period of cooperation" with the government. (D.E. 24, Mot. at 5 & Supp. Mem. at 4). He admits that he debriefed with the government, but argues that his counsel failed to "facilitate cooperation." In his supporting memorandum, he elaborates that he believes his counsel should not have advised him to debrief to the government, without receiving a promise of a reduction in sentence from the government, or, alternatively, that

---

[3] The government's motion to dismiss erroneously indicates that De La Cruz did not file a petition for writ of certiorari. (See D.E. 27 at 2).

5

his counsel was somehow deficient in failing to convince the government to file a motion for downward departure based on substantial assistance.

His supporting memorandum also makes the conclusory statement that he received "ineffective assistance of counsel during pre-trial, plea, and on appeal," but offers no additional details in support of that claim.

In his reply to the government's motion to dismiss, De La Cruz points to the government's failure to submit affidavits from his attorney or the DEA agents that debriefed him, and thus claims that the facts set forth in his record stand "uncontradicted." (D.E. 30 at 3). He also alleges that the government used information provided by him "to investigate and to make arrests for which Movant did not receive any benefits ..." (D.E. 30 at 5). He does not identify, however, any specific information that he purportedly provided or what arrests the purported information resulted in.

For the reasons set forth herein, De La Cruz's claim fails.

## IV.  DISCUSSION

**A.     Motion for Discovery**

After the government filed its answer and motion to dismiss in this case, De La Cruz filed a motion requesting discovery. (D.E. 28). Specifically, he requests that he be given copies of all debriefing notes taken by government officials when he debriefed, and copies of all investigation files containing information showing that information provided by him led to other arrests or investigations. For good cause shown, the Court is authorized to

order discovery in Section 2255 proceedings. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 6 (allowing a district judge to order discovery in § 2255 proceedings for good cause shown). The Court concludes that De La Cruz has not shown good cause for the discovery he requests, nor has he provided sufficient detail in support of his claims to warrant discovery, as discussed in the subsequent section. The motion for discovery (D.E. 28) is therefore DENIED.

**B.     Motion Pursuant to 28 U.S.C. § 2255**

**1.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**2.     Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings.  See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the petitioner can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

The only claims before the Court are ineffective assistance claims.  These claims are properly made for the first time in a § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus, the Court will address De La Cruz's claim on their merits.

**3.     Ineffective Assistance of Counsel**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered

reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, De La Cruz claims that he received ineffective assistance because his counsel failed to facilitate his cooperation with the government and failed to obtain a motion from the government for a reduction in De La Cruz's sentence based upon his substantial assistance. De La Cruz cannot show either deficient performance or prejudice.

The government argues that De La Cruz's claim of ineffective assistance of counsel should be dismissed because it is conclusory. The Court agrees that the claim is lacking meaningful detail in some respects. In particular, De La Cruz fails to identify what actions his counsel should have taken to "facilitate" his cooperation. It is undisputed that his counsel encouraged him to debrief and further undisputed that De La Cruz did debrief. De La Cruz does not say what else his counsel should have done and thus fails to show deficiency.

De La Cruz also cannot establish prejudice. The plea agreement itself makes clear that the government will ask for a downward departure under § 5K1.1 only if De La Cruz

9

provides "substantial assistance," as determined in the government's discretion. (D.E. 8). Specifically, the agreement states:

> Furthermore, should the Defendant provide substantial assistance as outlined in U. S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. ***This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant has not provided substantial assistance.*** Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. ***The Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government.***

(D.E. 8 at ¶ 4 (emphasis added)); (D.E. 215, Transcript of May 5, 2003 rearraignment ("R. Tr.") at 21) (testimony of De La Cruz affirming the government's description of his plea agreement). As the foregoing shows, it was solely within the government's discretion to determine whether De La Cruz provided substantial assistance.

At sentencing, the government expressed that it was still attempting to verify the information that De La Cruz provided. (S. Tr. at 5, 8). In its response to his § 2255 motion,

10

the government implicitly acknowledges that De La Cruz did not provide any verifiable information that would qualify as substantial assistance to the government. (Cf. D.E. 26 at 6). Thus, it is clear that the government does not believe De La Cruz provided substantial assistance.

Other than his conclusory allegation to the contrary, De La Cruz has not shown that the government's determination is an abuse of its discretion. Indeed, De La Cruz has failed to identify any individuals that were investigated or prosecuted as a result of his assistance, which is how "substantial assistance" is defined in the plea agreement. There is simply nothing that his counsel could have done to change that outcome. It was within De La Cruz's control, not his attorney's, to provide helpful and truthful information to the government. Either he failed to provide honest information, or the information he gave was not verifiable and otherwise useful to the government. Either way, the outcome, i.e., the government not moving for a downward departure, cannot be said to be the result of ineffective assistance of counsel. Thus, De La Cruz cannot show prejudice, either. His claim fails for this reason, too.

Finally, as previously noted, De La Cruz makes the conclusory statement that he received "ineffective assistance of counsel during pre-trial, plea, and on appeal." He offers no detail in support of this claim, and no further explanation. The claim fails because it is conclusory. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory

allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).

For all of the foregoing reasons, De La Cruz's claims of ineffective assistance of counsel fail. His § 2255 motion is DENIED.

**C.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although De La Cruz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of De La Cruz's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, De La Cruz is not entitled to a COA as to his claims.

## V. CONCLUSION

For the above-stated reasons, the movant's motion for extension of time (D.E. 29) is granted and his reply has been considered. His motion for discovery (D.E. 28) is DENIED. The government's motion to dismiss (D.E. 27) is GRANTED, and De La Cruz's motion under 28 U.S.C. § 2255 (D.E. 24) is DISMISSED WITH PREJUDICE. The Court also DENIES De La Cruz a Certificate of Appealability.

Ordered this 24th day of January, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE