IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-74 |
| | § | C.A. No. C-05-179 |
| JAIME DE LA CRUZ, | § | |
|     Defendant/Movant. | § | |

## ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED
## *IN FORMA PAUPERIS* AND COLLECTION ORDER

On January 24, 2006, the district court denied Jaime De La Cruz's ("Appellant") motion seeking relief under 28 U.S.C. § 2255. (D.E. 34).[1] Final judgment was entered on the same date. (D.E. 35). Appellant timely appealed and also filed a motion for leave to appeal *in forma pauperis* ("*ifp*"). (D.E. 36). In an order entered March 24, 2006, the undersigned noted that Appellant had not provided any financial information showing his eligibility to proceed *ifp* nor had he provided a statement of the issues he intended to present on appeal, as required by Fed. R. App. P. 24(a)(1)(c). The same order required him to provide such information within twenty days after the order's entry. (D.E. 41 at 1-2).

On April 14, 2006, the Clerk received from Appellant a second motion to proceed *ifp* (D.E. 43), which contained the information ordered to be filed, including a statement of the issues Appellant intends to raise on appeal.[2]

---

[1] Docket entry references are to the criminal case, Cr. C-03-74.

[2] The copy of the document filed with the Clerk appears to have some writing in the signature block, although it is certainly not a legible signature, nor has Appellant signed any of the other documents submitted with his motion. Nonetheless, in light of the length of time this motion has been pending, the undersigned will consider his submission. In the future, Appellant is cautioned to ensure that documents filed with the Clerk contain his original signature. His failure to do so may result in those documents being stricken.

As an initial matter, the undersigned has reviewed his statement of issues, and cannot state that his appeal is not taken in good faith. Nor has the district court so certified. See Fed. R. App. P. 24(a). Thus, he is not barred from proceeding *ifp* due to the appeal being in bad faith. Accordingly, his financial eligibility to proceed on appeal *ifp* must be evaluated.

Appellant's *ifp* application reflects that he does not have any assets or valuable property, other than his inmate account. As of April 1, 2006, he had a balance of $130.83 in his account, $100 of which was deposited in the week before his application. In the three months immediately preceding his application, the balance in his account did not exceed $62.83. In the three months prior to that, his balance varied more widely, and was frequently over $100. In the six months preceding his application, he received deposits to his account totaling $620, as well as payroll deposits totaling $350.72.

These figures demonstrate that although Appellant cannot afford to prepay the $255 appellate filing fee,[3] he can pay the fee in installments without undue hardship. While his appeal is not governed by the Prison Litigation Reform Act, there is no prohibition against collection of the appellate filing fee in installments where an inmate has the ability to pay in installments without undue hardship. Accordingly, the following orders are entered:

1. The Clerk shall file the Appellant's notice of appeal without prepayment of the appellate filing fee.

2. The Appellant is not required to pay an initial partial appellate filing fee.

3. The Appellant shall pay $255, the full appellate filing fee, in monthly installments to the United States District Court.

---

[3] Although appellate filing fees have since increased to $455, the fees were $255 on the date Appellant appealed. He is required to pay only the lower amount.

4.  The Bureau of Prisons shall deduct 20% of each deposit made to the Appellant's inmate trust account and forward payments to the United States District Court on a regular basis provided the account exceeds $10.00.

5.  The Appellant shall execute all consents and other documents required by the agency having custody of the Appellant to authorize the necessary withdrawals from his trust account.

6.  The Clerk shall send a copy of this Order to the Inmate Accounting Officer and Paralegal Specialist, USP Beaumont, U.S. Penitentiary, P.O. Box 26035, Beaumont, TX 77720.

NOTICE TO THE APPELLANT:

If you do not wish to pay the appellate filing fee as set forth in this Order, you must notify the Court in writing, by letter or motion, that you do not wish to prosecute the appeal. Your notice must be mailed within 30 days of the date of this Order.

ORDERED this 18th day of April, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE